# EXHIBIT A

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------X
ALBA MARRERO,

                        Plaintiff,

    -against-



TARGET CORPORATION and
TARGET STORES, INC.,
                        Defendants.
---------------------------------------X
```

Index No.

Plaintiff designates
County of BRONX
as the place of trial

Basis of the venue is:
PLAINTIFF's residence

**SUMMONS**

Plaintiff resides at:
680 Balcom Ave.
Bronx, NY 10465

To the above named-Defendants:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you be default for the relief demanded in the Complaint.

Dated: Mineola, New York
       June 24, 2022

_____
RACHEL E. HORN, ESQ.
KLEBANOFF ATTORNEYS, P.C.
Attorney for Plaintiff
131 Jericho Turnpike
Mineola, NY 11501
516-887-1266

Service on Defendants:

TARGET CORPORATION
1000 Nicollet Mall, TPN-2672
Minneapolis, MN 55403

TARGET STORES. INC.
1000 Nicollet Mall
Minneapolis, MN 55403

TARGET CORPORATION
Via NY Secretary of State

TARGET STORES. INC.
Via NY Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------X
ALBA MARRERO,

        Plaintiff,

     -against-                      VERIFIED COMPLAINT

TARGET CORPORATION and
TARGET STORES, INC.,

        Defendants.
---------------------------------------X

Plaintiff, by her attorney, RACHEL E. HORN, ESQ., OF KLEBANOFF ATTORNEYS, P.C. complaining of the defendants, respectfully alleges, upon information and belief, as follows:

1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was and still is a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

3. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was and still is a foreign corporation duly licensed to do business in the State of New York.

4. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was and still is a domestic partnership duly licensed to do business in the State of New York.

5. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was and still is a foreign partnership duly licensed to do business in the State of New York.

6. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was and still is a domestic Limited Liability Company duly licensed to do business in the State of New York.

7. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was and still is a foreign Limited Liability Company duly licensed to do business in the State of New York.

8. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

9. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., was and still is a foreign corporation duly licensed to do business in the State of New York.

10. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., was and still is a domestic partnership duly licensed to do business in the State of New York.

11. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., was and still is a foreign partnership duly licensed to do business in the State of New York.

12. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., was and still is a domestic Limited Liability Company duly licensed to do business in the State of New York.

13. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., was and still is a foreign Limited Liability Company duly licensed to do business in the State of New York.

14. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, its agents, servants and/or employees owned the aforesaid premises designated as "Target" located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

15. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, its agents, servants and/or employees operated the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

16. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, its agents, servants and/or employees managed the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

17. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was the Managing Agent for the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York, on the date of the alleged occurrence.

18. That at all times hereinafter mentioned, the defendant,

TARGET CORPORATION, its agents, servants and/or employees maintained the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

19. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, its agents, servants and/or employees supervised the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

20. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, its agents, servants and/or employees inspected the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

21. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, its agents, servants and/or employees controlled the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

22. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., its agents, servants and/or employees owned the aforesaid premises designated as "Target" located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

23. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., its agents, servants and/or employees operated the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

24. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., its agents, servants and/or employees managed the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

25. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., was the Managing Agent for the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York, on the date of the alleged occurrence.

26. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., its agents, servants and/or employees maintained the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

27. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., its agents, servants and/or employees supervised the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

28. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., its agents, servants and/or employees inspected the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

29. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., its agents, servants and/or employees controlled the aforesaid premises located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York.

30. That on the 29th day of September, 2019, while the plaintiff, ALBA MARRERO, was lawfully and properly present on the subject premises of "Target", located at 815 Hutchinson River Parkway, in the County of Bronx, there existed a dangerous, hazardous and unsafe condition, namely a substance believed to be apple sauce, that accumulated on the floor of the subject premises for an unreasonable length of time causing the plaintiff to slip and fall as a result of the neglected and dangerous condition thereof, and as a result of which she sustained protracted and permanent personal injuries.

31. That at all times hereinafter mentioned, it was the duty of the defendant, TARGET CORPORATION, its agents, servants and/or employees to own, operate, manage, maintain, supervise, inspect and/or control the said premises "Target" located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York, in a reasonably safe and adequate condition and repair.

32. That at all times hereinafter mentioned, it was the duty of the defendant, TARGET STORES, INC., its agents, servants and/or employees to own, operate, manage, maintain, supervise, inspect and/or control the said premises "Target" located at 815 Hutchinson River Parkway, in the County of Bronx, City and State of New York., in a reasonably safe and adequate condition and repair.

33. That at all times hereinafter mentioned, the risk of this occurrence and the resulting injuries to the plaintiff were

4

foreseeable to the defendant, TARGET CORPORATION.

34. That at all times hereinafter mentioned, the risk of this occurrence and the resulting injuries to the plaintiff were foreseeable to the defendant, TARGET STORES, INC.

35. That this accident was a breach of the duty of care owed to the plaintiff, ALBA MARRERO, by the defendant, TARGET CORPORATION.

36. That this accident was a breach of the duty of care owed to the plaintiff, ALBA MARRERO, by the defendant, TARGET STORES, INC.

37. That this breach of duty of care to the plaintiff, ALBA MARRERO, by the defendant, TARGET CORPORATION, was the proximate cause of the plaintiff's injuries.

38. That this breach of duty of care to the plaintiff, ALBA MARRERO, by the defendant, TARGET STORES, INC., was the proximate cause of the plaintiff's injuries.

39. That the negligence of the defendant, TARGET CORPORATION, its agents, servants and/or employees consisted of careless and negligent ownership, operation, maintenance, management, supervision, inspection and control of the aforesaid premises; in creating, allowing and permitting said premises to become and remain in a hazardous, dangerous, defective and unsafe condition; in creating, allowing and permitting said premises to become and remain in a neglected and dangerous condition; in creating, allowing and permitting a dangerous condition to remain upon said premises and for allowing it to exist for a period of time prior thereto; in failing to and/or negligently taking any measures to render the conditions located therein safe; in failing to properly notify or warn persons lawfully upon the premises, and in particular, the plaintiff, ALBA MARRERO, of said hazardous and dangerous condition; in failing to cordon off, barricade and/or safeguard said dangerous and defective condition; in allowing a nuisance, menace and/or hidden trap to exist upon the premises for an unreasonable length of time; in failing to keep said premises in a reasonably safe condition; in failing to prevent the occurrence of the aforesaid accident and in violating those statutes, ordinances, rules and regulations in such cases made and provided, of which this Court will take Judicial Notice at the time of trial herein.

40. That the negligence of the defendant, TARGET STORES, INC., its agents, servants and/or employees consisted of careless and negligent ownership, operation, maintenance, management, supervision, inspection and control of the aforesaid premises;

5

in creating, allowing and permitting said premises to become and remain in a hazardous, dangerous, defective and unsafe condition; in creating, allowing and permitting said premises to become and remain in a neglected and dangerous condition; in creating, allowing and permitting a dangerous condition to remain upon said premises and for allowing it to exist for a period of time prior thereto; in failing to and/or negligently taking any measures to render the conditions located therein safe; in failing to properly notify or warn persons lawfully upon the premises, and in particular, the plaintiff, ALBA MARRERO, of said hazardous and dangerous condition; in failing to cordon off, barricade and/or safeguard said dangerous and defective condition; in allowing a nuisance, menace and/or hidden trap to exist upon the premises for an unreasonable length of time; in failing to keep said premises in a reasonably safe condition; in failing to prevent the occurrence of the aforesaid accident and in violating those statutes, ordinances, rules and regulations in such cases made and provided, of which this Court will take Judicial Notice at the time of trial herein.

41. That at all times hereinafter mentioned, the defendant, TARGET CORPORATION, had actual and constructive notice of the dangerous condition.

42. That at all times hereinafter mentioned, the defendant, TARGET STORES, INC., had actual and constructive notice of the dangerous condition.

43. That the aforesaid occurrence was caused solely and wholly as a result of the negligence and carelessness of the defendant, TARGET CORPORATION, its agents, servants and/or employees, without any negligence on the part of the plaintiff contributing thereto.

44. That the aforesaid occurrence was caused solely and wholly as a result of the negligence and carelessness of the defendant, TARGET STORES, INC., its agents, servants and/or employees, without any negligence on the part of the plaintiff contributing thereto.

45. That this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

46. That as a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled; was injured in and about the head, limbs and body; suffered a severe shock to the nervous system and certain internal injuries; that plaintiff required extensive medical care and treatment; that plaintiff

6

was required to expend or become obligated for payment of extensive medical bills; that plaintiff is informed and verily believes that the injuries are permanent; that plaintiff may require additional medical treatment in the future and will become obligated for further medical expenses; that plaintiff was compelled to and did necessarily pay and become liable therefore, for medicines and upon information and belief, the plaintiff, ALBA MARRERO, will necessarily incur similar expenses in the future; that plaintiff has been unable to attend to her usual vocation and duties and/or social activities and that as a result of the foregoing, the plaintiff suffered a substantial economic loss and may suffer additional economic loss in the future.

47. That by reason of the foregoing, plaintiff, ALBA MARRERO, has sustained damages both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

48. WHEREFORE, plaintiff demands judgment on all causes of action against the defendants in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action, together with the costs and disbursements of this action.

Dated: Mineola, New York
       June 24, 2022

Yours, etc.,

_____
RACHEL E. HORN, ESQ.
KLEBANOFF ATTORNEYS, P.C.
Attorney for Plaintiff
131 Jericho Turnpike
Mineola, NY 11501

STATE OF NEW YORK   )
COUNTY OF NASSAU    )   SS.:

I, RACHEL E. HORN, the undersigned, an attorney admitted to practice law in the Courts of New York State, state that I am the attorney of record for the plaintiff(s), ALBA MARRERO in the within action; I have read the foregoing Summons and Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to those matters stated therein to be alleged upon information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by the plaintiff is because the residence of the plaintiff is outside the county where your deponent maintains her office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Information, facts and documents supplied by plaintiff, investigations and contents of deponent's file. I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Mineola, New York
       June 24, 2022

_____
RACHEL E. HORN

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
ALBA MARRERO,

                    Plaintiff,              Index No:

        -against-

TARGET CORPORATION and
TARGET STORES, INC.,

                    Defendant,
---------------------------------------------------------------X
```

## SUMMONS AND VERIFIED COMPLAINT

KLEBANOFF ATTORNEYS, P.C.
Attorney for Plaintiff
131 Jericho Turnpike
Mineola, NY 11501
(516) 887-1266

**STATE OF NEW YORK**
**COUNTY OF BRONX**   SUPREME COURT   FILED ON:   INDEX NO.: 809439/2022E

ALBA MARRENO,

Plaintiff(s)-Petitioner(s)

-vs-

TARGET CORPORATION and TARGET STORES, INC.,

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On JULY 1, 2022 at 1:00 P.M.
Deponent served two true copies of **NOTICE OF ELECTRONIC FILING (MANDATORY CASE) (UNIFORM RULE § 202.5-bb), SUMMONS AND VERIFIED COMPLAINT**

bearing index number: 809439/2022E and date of filing:
upon **TARGET CORPORATION**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

**MANNER OF SERVICE}**

*Personal*
☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving 2 copies with} **AMY LESCH, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 306 BCL and tendering the required fee.
Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above. Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*
☐ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address
on           . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by__first class mail__certified mail__registered mail__return receipt requested.

**DESCRIPTION}** deponent describes the person actually served as:
Sex: FEMALE    Race/Skin Color: WHITE    Hair Color: BLONDE
Approximate Age: 45 years    Approximate Height: 5'8"    Approximate Weight: 160 pounds
Other:

Subscribed and sworn before me on} JULY 1, 2022

Notary Public, State of New York
Karen E. Rock
Qualified in Schenectady County
Number 01R06065213
Expires: October 9, 2025

affidavit #: 253390
NLS#: 22-5230

Attorney:
Klebanoff Attorneys, P.C.
131 Jericho Turnpike
Mineola, New York 11501
(516) 887-1266

FIRM FILE # 568758

MARK E. MCCLOSKY
Deponent

STATE OF NEW YORK
COUNTY OF BRONX

SUPREME COURT  FILED ON:  INDEX NO.: 809439/2022E

AFFIDAVIT OF SERVICE

ALBA MARRENO,

Plaintiff(s)-Petitioner(s)

-vs-

TARGET CORPORATION and TARGET STORES, INC.,

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY, being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On JULY 1, 2022 at 1:00 P.M.
Deponent served two true copies of NOTICE OF ELECTRONIC FILING (MANDATORY CASE) (UNIFORM RULE § 202.5-bb), SUMMONS AND VERIFIED COMPLAINT

bearing index number: 809439/2022E and date of filing:
upon TARGET STORES, INC.
at address: SECRETARY OF STATE, 99 WASHINGTON AVENUE
city and state: ALBANY, NY 12210

## MANNER OF SERVICE}

**Personal**
☐ By delivering to and leaving with personally} known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

**Suitable Age Person**
☐ By delivering and leaving with personally} at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

**Authorized Agent**
☒ By delivering and leaving 2 copies with} AMY LESCH, BUSINESS DOCUMENT SPECIALIST the agent for service on the person in this proceeding designated under Rule 306 BCL and tendering the required fee. Service having been made to such person at the place, date and time above.

**Affixing to Door, Etc.**
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above. Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

**Mailing**
☐ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address
on          . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by__first class mail__certified mail__registered mail__return receipt requested.

DESCRIPTION} deponent describes the person actually served as:
Sex: FEMALE          Race/Skin Color: WHITE          Hair Color: BLONDE
Approximate Age: 45 years  Approximate Height: 5'8"  Approximate Weight: 160 pounds
Other:

Subscribed and sworn before me on} JULY 1, 2022

_____
Notary Public, State of New York
Karen E. Rock
Qualified in Schenectady County
Number 01R06065213
Expires: October 9, 2025

Attorney:
Klebanoff Attorneys, P.C.
131 Jericho Turnpike
Mineola, New York 11501
(516) 887-1266

_____
MARK E. MCCLOSKY
Deponent

affidavit #: 253392
NLS#: 22-5230

FIRM FILE # 568758

1 of 1